1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHARLES S. MASON,                    )        NO. ED CV 09-1896-E
                                          )
12                   Plaintiff,           )
                                          )
13        v.                              )        **MEMORANDUM OPINION**
                                          )
14   MICHAEL J. ASTRUE, COMMISSIONER      )
     OF SOCIAL SECURITY ADMINISTRATION,   )
15                                        )
                                          )
16                   Defendant.           )
     _____)

17

18                          **PROCEEDINGS**

19

20        Plaintiff filed a complaint on October 16, 2009, seeking review

21   of the Commissioner's denial of benefits.  The parties filed a

22   "Consent to Proceed Before a United States Magistrate Judge" on

23   November 20, 2009.  Plaintiff filed a motion for summary judgment on

24   April 1, 2010.  Defendant filed a motion for summary judgment on

25   April 30, 2010.  The Court has taken both motions under submission

26   without oral argument.  See L.R. 7-15; "Order," filed October 20,

27   2009.

28   ///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

In a previous administrative proceeding, an Administrative Law Judge ("ALJ") found Plaintiff not disabled as of November 30, 2007 (Administrative Record filed in <u>Mason v. Astrue</u>, ED CV 08-00240-E ("the prior proceeding") at 617-25).   In the prior proceeding, this Court granted summary judgment in favor of the Defendant on September 11, 2008, upholding the November 30, 2007 administrative denial of benefits.   Plaintiff did not appeal.

Before the entry of judgment in the prior proceeding, Plaintiff filed another application for disability benefits (Administrative Record in the present proceeding ("A.R.") 103-05).   Plaintiff asserts disability based primarily on alleged chronic fatigue syndrome, fibromyalgia and depression (A.R. 44-57, 171-72).   Plaintiff's disability insurance coverage expired on June 3, 2008 (A.R. 8).

The ALJ found Plaintiff has severe "degenerative joint disease and depression" and "questionable diagnoses of severe physical impairments from fibromyalgia and chronic fatigue syndrome" (A.R. 11). On conflicting evidence, the ALJ found Plaintiff retains the residual functional capacity to perform a limited range of light work (A.R. 12-17).   In reliance on the testimony of a vocational expert, the ALJ concluded that there exist significant numbers of both light and sedentary jobs Plaintiff can perform (A.R. 18, 58-59).[1]   The Appeals

---

[1]   Although the ALJ characterized all of these jobs as light, some of the jobs are sedentary.   <u>See</u> A.R. 59; <u>Dictionary of Occupational Titles</u> §§ 379.367-010; 237.367-022.

1  Council denied review (A.R. 1-3).

2

3                        **STANDARD OF REVIEW**

4

5       Under 42 U.S.C. section 405(g), this Court reviews the

6  Administration's decision to determine if: (1) the Administration's

7  findings are supported by substantial evidence; and (2) the

8  Administration used correct legal standards.  See Carmickle v.

9  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

10  499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

11  relevant evidence as a reasonable mind might accept as adequate to

12  support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

13  (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454

14  F.3d 1063, 1067 (9th Cir. 2006).

15

16       This Court "may not affirm [the Administration's] decision simply

17  by isolating a specific quantum of supporting evidence, but must also

18  consider evidence that detracts from [the Administration's]

19  conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)

20  (citation and quotations omitted); see Lingenfelter v. Astrue, 504

21  F.3d 1028, 1035 (9th Cir. 2007).  However, the Court cannot disturb

22  findings supported by substantial evidence, even though there may

23  exist other evidence supporting Plaintiff's claim.  See Torske v.

24  Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.

25  933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

26

27                          **DISCUSSION**

28

                                3

1    After consideration of the record as a whole, Defendant's motion
2    is granted and Plaintiff's motion is denied.  The Administration's
3    findings are supported by substantial evidence and are free from
4    material[2] legal error.  See Andrews v. Shalala, 53 F.3d 1035, 1039-40
5    (9th Cir. 1995) (where the evidence "admits of more than one rational
6    interpretation," the court must uphold the administrative decision).

7

8    Plaintiff argues that the ALJ improperly referenced the opinion
9    evidence of Dr. Suzanne Enloe-Whitaker, evidence that is not in the
10   Administrative Record in the present proceeding.  Plaintiff's argument
11   is meritless.  The evidence is part of the Administrative Record in
12   the prior proceeding, a proceeding to which Plaintiff plainly has
13   access (Administrative Record in prior proceeding at 665-66).  In
14   fact, the same law office that represented Plaintiff in the prior
15   proceeding represents Plaintiff in the present proceeding.

16

17   Plaintiff argues that the ALJ improperly rejected the opinion of
18   Dr. Cherney, a treating physician.  This argument also lacks merit.
19   Where, as here, a treating physician's opinion is contradicted, the
20   ALJ may reject the opinion by setting forth "specific, legitimate
21   reasons" for doing so.  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.
22   1987); Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007).  The ALJ
23   stated sufficient reasons in the present case, pointing out that
24   Dr. Cherney's conclusory opinion was "not well supported by objective

25   _____

26   [2]    The harmless error rule applies to the review of
     administrative decisions regarding disability.  See Curry v.
27   Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v.
     Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v.
28   Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

4

findings," was unsupported by any evidence during the relevant period of time (December 1, 2007 - June 30, 2008), was inconsistent with other medical opinion discussed in detail by the ALJ, and was unsupported by any "diagnostic or clinical findings" (A.R. 16).  These reasons suffice under the circumstances of this case.  See Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992) ("The ALJ need not accept an opinion of a physician – even a treating physician – if it is conclusionary and brief and is unsupported by clinical findings"); Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989) (ALJ can meet requirement to set forth "specific, legitimate reasons" by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings") (citations and quotations omitted); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]").

///

Plaintiff argues that the ALJ mischaracterized the opinion of a state agency physician and failed sufficiently to consider and discuss this opinion.  Social Security Ruling 96-6p and 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2) require consideration of the opinions

of state agency physicians and some explanation concerning the weight accorded to those opinions.  In the present case, however, any alleged error was harmless.  The state agency physician in question was of the opinion that Plaintiff could perform sedentary work (A.R. 182-86). The ALJ identified significant numbers of sedentary jobs performable by persons limited in the manner the state agency physician claimed Plaintiff was limited.[3]

Finally, Plaintiff argues that the ALJ failed to pose a complete hypothetical question to the vocational expert.  This argument also must be rejected.  Hypothetical questions posed to a vocational expert need not include all conceivable limitations that a favorable interpretation of the record might suggest to exist – only those limitations the ALJ finds to exist.  See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  Here, the hypothetical question posed to the vocational expert included all limitations the ALJ found to exist (A.R. 58-59).  To the extent the ALJ should have restricted Plaintiff to sedentary work, again, the failure to do so did not affect the ultimate outcome of the administrative proceeding.

**CONCLUSION**

---

[3]     For the same reasons, Plaintiff's argument that the ALJ failed to make proper residual functional capacity findings does not demonstrate any material error.

1    For all of the reasons discussed herein,[4] Plaintiff's motion for

2 summary judgment is denied and Defendant's motion for summary judgment

3 is granted.

4

5    LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7        DATED:  May 10, 2010.

8

9                              _____/S/_____
                                      CHARLES F. EICK
10                            UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27    [4]     The Court has considered and rejected each of Plaintiff's

28 arguments.  The Court has discussed Plaintiff's principal arguments
above.